T.C. Memo. 1996-361


UNITED STATES TAX COURT


ESTATE OF LOUISE NEVELSON, DECEASED, MIKE NEVELSON,
EXECUTOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7754-92.                     Filed August 6, 1996.


On May 12, 1995, the Court filed a stipulation of
settled issues in this case.  In relevant part, the
stipulation provided that:  (1) E would provide R with
documentation necessary to substantiate certain
administration expenses on or before Jan. 15, 1996, and
(2) the parties would submit a decision document to the
Court on or before Apr. 15, 1996.  R now moves for
entry of decision based on this stipulation.  E moves
to defer entry of decision until the earlier of:
(1) June 6, 2001, (2) payment of D's Federal gift
taxes, or (3) any other date agreed to by the parties.
<u>Held</u>:  The Court will grant R's motion and enter a
decision based on the stipulation.


<u>Richard J. Bronstein</u>, for petitioner.

<u>Meryl Silver</u>, for respondent.

MEMORANDUM OPINION

LARO, Judge: Respondent moves for entry of decision, and she has lodged a proposed decision with the Court. Executor objects to respondent's motion, and he moves to defer entry of decision until the earlier of: (1) June 6, 2001, (2) payment of Decedent's Federal gift taxes, or (3) any other date agreed to by the parties. Respondent objects to Executor's motion.

As discussed herein, we will grant respondent's motion and enter her proposed decision. Unless otherwise stated, section references are to the Internal Revenue Code in effect for the relevant dates. Rule references are to the Tax Court Rules of Practice and Procedure. Dollars, unless otherwise noted, are rounded to the nearest dollar. The term "Decedent" refers to Louise Nevelson. The term "Executor" refers to Mike Nevelson.

## Background

Decedent was an artist until her death on April 17, 1988. When she died, she resided in New York County, New York. Decedent's estate includes thousands of her works of art.

Executor resided in New Fairfield, Connecticut, when he petitioned the Court on April 14, 1992, to redetermine respondent's determination of a $6,553,148 deficiency in Decedent's estate's Federal estate tax and a $327,657 addition thereto under section 6653(a).[1] Respondent's determination was

---

[1] Respondent agrees with Executor that the deficiency and addition to tax will be $5,453,185 and $272,659, respectively, if
(continued...)

reflected in a notice of deficiency issued to petitioner on January 16, 1992.

Executor later petitioned the Court on December 30, 1993, to redetermine respondent's determination with respect to Decedent's Federal gift taxes. This determination, which appeared in a notice of deficiency dated October 27, 1993, was as follows:

| Taxable Year Ended | Deficiency | Additions to Tax | |
|---|---|---|---|
| | | Sec. 6651(a) | Sec. 6653(a)(1) |
| 12/31/76 | $169,765 | $42,441 | --- |
| 3/31/77 | 48,891 | 12,223 | --- |
| 3/31/79 | 154,717 | 38,679 | --- |
| 3/31/80 | 689,139 | 172,285 | --- |
| 3/31/81 | 144,291 | 36,073 | --- |
| 12/31/82 | 741,731 | 185,433 | --- |
| 12/31/83 | 482,500 | --- | $24,125 |
| 12/31/84 | 178,240 | 44,560 | --- |
| 12/31/85 | 1,344,795 | 336,199 | --- |
| 12/31/86 | 142,983 | 35,746 | --- |
| 12/31/87 | 267,002 | 66,750 | --- |
| 12/31/88 | 228,353 | 57,088 | --- |

Respondent also determined that Decedent was liable for an addition to her 1983 gift tax under section 6653(a)(2).

The two cases resulting from the petitions were consolidated on July 28, 1994, for purposes of trial, briefing, and opinion. On May 12, 1995, the resulting case was settled with the simultaneous execution of a decision document in the gift tax case and a stipulation of settled issues (the Stipulation) in the estate tax case. A decision was entered in the gift tax case on May 26, 1996, determining deficiencies in Decedent's gift taxes

[1](...continued)
the maximum credit allowable for State death taxes under sec. 2011 is allowed.

and additions thereto totaling more than $1 million.  Respondent

assessed these deficiencies on July 28, 1995.  To date, Executor

has not made any payments with respect thereto.

The Stipulation states as follows:

THE PARTIES hereby stipulate and agree that:

1.  They have agreed to resolve the above-entitled case on the basis that the works of art created by the decedent and unsold on the date of her death were not transferred by the decedent to Sculptotek, Inc. during her lifetime and are therefore includible in her gross estate.

2.  The gross estate is $12,123,455.73.

3.  The total amount of adjusted taxable gifts is $2,856,317.00.

4.  (a)  The administration expenses claimed on petitioner's Form 706, as adjusted by the statutory notice of deficiency issued by respondent, will be allowable as deductible expenses.

(b) Additional administration expenses, including statutory executor's commissions under New York law and reasonable legal fees, also will be allowable as deductible expenses to the extent such expenses are properly claimed as administrative expenses and are substantiated.

5.  (a)  The amount of federal gift tax, including interest and penalties, that the parties have agreed is due in the related proceeding bearing docket no. 27393-93 will be allowed as deductions to the extent such tax, interest, and penalties are paid.

(b)  The amount of related New York gift tax, including interest and penalties, also will be allowed as deductions to the extent such tax, interest, and penalties are paid.

6.  New York State death taxes in the amount of $312,200.51 or such amount necessary to secure the maximum credit allowable will be allowed as a credit to the extent such taxes are paid.

7.  Petitioner shall produce the documentation necessary to substantiate the expenses referred to in paragraph 4(b) on or before January 15, 1996.

8.  A decision document in the above-entitled case shall be filed on or before April 15, 1996.

Upon mutual agreement of the parties, the Court extended the last day by which the decision document had to be filed to June 14, 1996.

## Discussion

Respondent moves the Court to enter a decision based on her decision document lodged with the Court.  The lodged document reflects the terms of the Stipulation, taking into account only those administration expenses that Executor had substantiated as of the date of respondent's motion herein.  Executor's principal objection to respondent's proposed decision is that, in computing the estate tax deficiency owed by the estate, the proposed decision fails to allow deductions for expenses that have not yet been incurred.  Executor asks the Court to defer entry of decision for up to 5 years so that Decedent's estate may benefit from all of the deductions to which the estate allegedly is entitled.[2]  Executor alleges that Decedent's estate will incur

---

[2] The length of the requested deferral appears to be based on a letter that petitioner's counsel received from a valuation company in New York, New York.  In relevant part, the author of the letter states:

> In my view the Estate of Louise Nevelson is in a unique position to realize, within a period of three to five years, very substantial economic rewards from its extraordinary collection of work by this major artist. * * *  It has the ability to bring to market works by

(continued...)

additional administration expenses, such as executor's commissions, legal fees, accounting fees, bookkeeping fees, and expenses relating to sales of art necessary to raise cash for the payment of taxes and other art-related expenses. Executor alleges that he cannot currently pay Decedent's gift taxes because the estate is short on cash, and the estate will have to consummate a "substantial transaction" in order to pay Decedent's gift taxes.[3] Executor alleges that he cannot sell the estate's assets in the near future because he will receive less than fair value.

Executor relies primarily on Estate of Bailly v. Commissioner, 81 T.C. 246, supplemented by 81 T.C. 949 (1983), in support of his motion. Executor also asserts that the Court will be minimally inconvenienced by holding the record open for the requested period of time.

We disagree with Executor's arguments, and we find his reliance misplaced. First, Estate of Bailly is clearly distinguishable on its facts. In that case, the Commissioner had no objection to a deferral of the decision, whereas here the

---

[2](...continued)
the artist in a variety of price levels; and it is in the enviable position of being capable of presenting for sale to experienced collectors and museums examples of the most highly recognizable and prized sculptures of her career, as well as more modestly valued works that are attractive to beginning collectors and smaller museums.

[3] Executor also claims that Decedent's Federal gift taxes remain unpaid because he has yet to receive a bill from the Internal Revenue Service. We give this argument little regard.

deferral sought by the Executor is directly contrary to the terms of the parties' Stipulation. Subsequent to that case, Congress provided an alternative for relief in similar cases. See sec. 7481(d); Rule 262.

Executor agreed with respondent to settle the case according to the terms of that Stipulation. Two of these terms are that: (1) "Petitioner shall produce the documentation necessary to substantiate the [additional administration] expenses referred to in paragraph 4(b) on or before January 15, 1996," and (2) "A decision document in the above-entitled case shall be filed on or before April 15, 1996." In entering into these terms, as well as the Stipulation in general, both Executor and respondent agreed to concede some rights which each might have asserted against the other. See Saigh v. Commissioner, 26 T.C. 171, 177 (1956). The Stipulation, like a contract, binds both parties to the terms thereof, Stamos v. Commissioner, 87 T.C. 1451, 1455 (1986), and must be enforced by this Court unless justice requires that we do otherwise, see Adams v. Commissioner, 85 T.C. 359, 375 (1985); Sennett v. Commissioner, 69 T.C. 694 (1978); Saigh v. Commissioner, supra. Under the facts at hand, justice does not require that we do otherwise. The Stipulation, voluntarily entered in to as a settlement of this lawsuit, must be given binding effect. The parties struck a bargain in the Stipulation, and Executor must live with the benefits and burdens of it.

Accordingly, we will grant respondent's motion for entry of decision based on her proposed decision. We have considered all

arguments made by Executor for a contrary result.  To the extent that we have not discussed any of his arguments, we have found them to be without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.